UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES E. FORRESTER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1847 (HHK) |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S FIRST MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER
OR OTHERWISE RESPOND TO COMPLAINT**

Defendant, through counsel, the United States Attorney for the District of Columbia, in the above-captioned case hereby moves, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, for an enlargement of time within which to file an answer, or otherwise respond to Plaintiff's Complaint to November 30, 2005.  Defendant's response is currently due on October 24, 2005.  Inasmuch as Plaintiff, *Pro se*, Charles Forrester, is a prisoner, Counsel for the Defendant did not attempt to contact him concerning his position on this motion.[1]

For cause, Defendant states as follows: The undersigned did not receive Plaintiff's Complaint until October 7, 2005.  The undersigned recently learned that the agency attorney responsible for assisting in this case has been placed on detail to assist in the relief effort of

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with *pro se* litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner *pro se* parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner *pro se* party)" to meet and confer prior to a scheduling conference.  LCvR 16.3(a) (emphasis added).

Hurricane Katrina and the resulting damage in Florida, Alabama, Mississippi and Louisiana. Defendant anticipates filing a dispositive motion in lieu of an answer, but Defendant will need additional time to consult with agency counsel when she returns. Further, this extension is sought in good faith and it does not appear that Plaintiff would be unfairly prejudiced by this enlargement.

WHEREFORE, based on the foregoing, Defendant respectfully requests an extension of time to and including November 30, 2005, to answer or otherwise respond to Plaintiff's Complaint.

Dated: October 18, 2005                     Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, I caused the foregoing Defendant's Motion For An Enlargement of Time to File an Answer or Otherwise Respond to Plaintiff's Complaint, to be served on Plaintiff, *Pro se*, by first-class mail, postage prepaid, addressed as follows:

**CHARLES E. FORRESTER, JR**
R 09565-007
RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986-0630
PRO SE

_____
BENTON G. PETERSON,
Assistant United States Attorney