IN THE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA


CHARLES E. FORRESTER, JR.,
     Plaintiff,


v.                          Civil Action No. 05-1847 (HHK)


BUREAU OF PRISONS,
     Defendants.


### PLAINTIFF'S NOTIFICATION TO THE DEFENDANTS IN CONJUNCTION WITH THE DEFENDANTS' PROPOSED BRIEFING SCHEDULE


Comes now the Plaintiff, moving pro se, and hereby respect-
fully submits his notification to the defendants in response to the
Defendants' January 13, 2006 proposed briefing schedule ordered by
the district court. In support of this notification to the Defen-
dants, Plaintiff asserts that he is not wholly satisfied with the
information released to him by the Federal Bureau of Prisons, for
the reasons stated below:


1.   On January 17, 2006, Plaintiff received the Defendants'
proposed briefing schedule, which erroneously depicts that Plaintiff

- 1 -

FILED

JAN 23 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

attached the Privacy Act, 5 U.S.C. § 552a to his initial Freedom
of Information Act complaint. See id. Plaintiff initiated his
complaint pursuant to Title 5 U.S.C. § 552, **only**. Thus, the Defen-
dants are encouraged to correct any errors in their records that
are contrary to the latter.

2. On January 17, 2006, plaintiff received a packet from the
Federal Bureau of Prisons ("FBOP") FOIA/Privacy Act Office, which
contained a portion of the information that the Plaintiff requested
in his August 1, 2005 F.O.I.A. request. See Exhibit One.

3. Plaintiff is satisfied with the fifteen (15) pages of Extra
Good Time documents, and the single-page document (the BP-331(58))
that was enclosed in the packet. Therefore, paragraphs 3(b) and
3(c) of Plaintiff's complaint should be deemed moot.

4. Within the attached January 12, 2006, cover letter from
the FBOP, it is stated that they have released fifty-eight (58)
pages of the **contract** and its amendments. The letter also states
that, "[t]he remaining forty-five (45) pages of the **contract** and
amendments are being withheld in their entirety...". See Exhibit
One, paragraphs 1 and 2.

5. Plaintiff asserts that the FBOP has **withheld** the **entire
original contract**, number J1PCc-005, that was executed on February

- 2 -

22, 2000, by Wayne H. Calabrese, President, and on March 7, 2000,
by Scott P. Stermer, contracting officer.  The original contract
should contain the following information:

A.    Solicitation/Contract Form

B.    Supplies or Services and Prices/Cost

C.    Description/Statement of Works

D.    Packaging and Marking

E.    Inspection and Acceptance

F.    Deliveries or Performance

G.    Contract Administration Data

H.    Special Contract Requirements

I.    Contract Clauses, etc.

In conjunction with the foregoing, there must be some reasonably
segregable non-exempt information that should be released to the
Plaintiff.  See Exhibit Two, paragraph 2.  Therefore, Plaintiff's
request for a copy of the contract, Number J1PCc-005, has not been
satisfied.  Thus, paragraph 3(a) of Plaintiff's complaint is not
moot.  See Exhibit Three.

6.  Plaintiff asserts that the FBOP has released fifty-eight
(58) pages of amendments to the contract.[1]  Therefore, Plaintiff

---

[1] Within the fifty-eight pages are amendments nine (9) through thirty-eight (38).
Included in the fifty-eight pages are fifteen (15) duplicate pages, which are
being returned to the Defendants.  Thus, Plaintiff will retain the remaining
forty-three (43) amendment pages.  See the attachments.

has no interest in any additional amendments to the original con-
tract.


7.  The FBOP has extended their bureau-specific appellate
rights to the Plaintiff with respect to their response to Plain-
tiff's F.O.I.A. request.  See Exhibit One, page 2.  Because Plain-
tiff has a pending F.O.I.A. complaint regarding the information
outlined in paragraph 5, supra, an appeal will not be submitted
to the Attorney General.  See 28 C.F.R. § 16.9(a)(3) ("[a]n appeal
ordinarily will not be acted on if the request becomes a matter
of FOIA litigation").  See also, Plaintiff's F.O.I.A. complaint,
page 4, paragraph numbered 6.


8.  To reiterate, the BOP has withheld the entire contract
from Plaintiff, notwithstanding their letter stating that "fifty-
eight (58) pages of the contract...can be released in their entire-
ty".  Thus, Plaintiff's request for the contract has not been suffi-
ciently satisfied to moot this litigation.


                              Respectfully submitted,

                              /s/ _____
                              Charles E. Forrester, Jr.
                              Pro Se
                              Fed. Reg. No. 09565-007
                              P.O.Box 630
                              Winton, North Carolina 27986-0630


                         - 4 -

## CERTIFICATE OF SERVICE

This is to certify that I have this *19* day of January 2006, sereved a copy of the foregoing upon the below-listed party by placing the same in the Rivers Correctional Institution prison mail box, addressed as follows:

Benton G. Peterson
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington DC  20530

Charles E. Forrester, Jr.
Pro se

Sworn to before me this

*8th* day of January 2006

Notary Public

Embossed Hereon is My
Hertford County, North Carolina Notary Public Seal
My Commission Expires July 12, 2010
PAMALA DAVIS