IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES E. FORRESTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1847 (HHK) |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant, United States Department of Justice (Bureau of Prisons) pursuant to Fed. R. Civ. P. 56, moves this Court for an order granting summary judgment in its favor. In support of this motion, defendant respectfully submits the attached Memorandum of Points and Authorities, Statement of Material Facts not in Genuine Dispute, the Declarations of Ruthlee Gowns and Wilson Moorer, Paralegal Specialists for the Bureau of Prisons (BOP) and a proposed Order.

Plaintiff should take notice that any factual assertions contained in the declarations in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached declarations. See, Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed.R.Civ.P. 56(e).

Dated: March 1, 2006.

                          Respectfully submitted,

                          _____

                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                          United States Attorney

                          _____

                          R. CRAIG LAWRENCE, D.C. BAR # 171538
                          Assistant United States Attorney

                          _____

                          BENTON G. PETERSON, WI. Bar #1029849
                          Assistant United States Attorney
                          Judiciary Center Building
                          555 4th Street, N.W. – Civil Division
                          Washington, D.C.  20530
                          (202) 514-7238

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES E. FORRESTER, JR.,          )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          Civil Action No. 05-1847 (HHK)
                                    )
BUREAU OF PRISONS,                  )
                                    )
                                    )
            Defendant.              )
_____ )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, Charles Forrester, is a federal prisoner currently incarcerated at Rivers Correctional Institution, Winton, NC.  On August 1, 2005, plaintiff sent correspondence to BOP requesting A)  a copy of the contract (J1PCc-005) between the Bureau of Prisons and the Wackenhut Corrections Corporation (now known as the GEO Group")  regarding the construction and operation of the Rivers Correctional Institution; B) BP-A390.058 forms listing Plaintiff's lump sum awards; and C) BP -331(58) ( Authorization to Receive Package or Property) that was executed on May 10, 2005.  Complaint at ¶ 2-3; Declaration of Ruthlee Gowens, Exhibit 1.

Through this motion, defendant United States Department of Justice (DOJ) on behalf of its subcomponent, the BOP, hereby requests that the Court enter summary judgment in its favor and dismiss this matter with prejudice.  As set forth below, the BOP has released 95 pages of materials responsive to the Plaintiff's request and withheld 21pages in their entirety pursuant to 5 U.S.C. 552 (b) (2) and (b) (4).

**ARGUMENT**

**A.    Standard for Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 2d 1560, 1563 (Fed. Cir. 1987). Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. at 322-23.

In Anderson the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the

jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1] See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv.,

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of

Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may

be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations]

"when the affidavits describe 'the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith.'" Trans Union LLC v. Federal Trade Commission, 141 F. Supp. 2d

62, 67 (D.D.C. 2001) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir.

1981)); see also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000);

McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens

Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925

F.2d 1224, 1227 (9th Cir. 1991).  When the pleadings, supplemented by affidavits or

declarations, show no genuine issue as to any material fact and the defendant is entitled to

judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v.

Block, 684 F.2d 121 (D.C. Cir. 1982).

**B.      BOP Properly Applied Exemption 2**

Title 5, United States Code, Section 552 (b)(2) ("Exemption 2") exempts from mandatory

disclosure records "related solely to the internal personnel rules and practices of an agency."  5

U.S.C. § 552(b)(2).  Exemption 2 applies primarily to two types of materials:  (1) internal agency

matters so routine or trivial that they could not be "subject to . . . a genuine and significant public

interest;" and (2) internal agency matters of some public interest "where disclosure may risk

circumvention" of statutes or agency regulations.  Dept. of Air Force v. Rose, 425 U.S. 352,

4

369-70 (1976); National Treasury Employees Union v. U.S. Customs Service, 802 F.2d 525,

528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051,

1073-74 (D.C. Cir. 1981).  Depending upon the nature of the information, documents will fall

within either the "low (b)(2) category" or the "high (b)(2) category."

     "Low (b)(2)" information refers to internal procedures and practices of an agency the

disclosure of which would constitute an administrative burden unjustified by any genuine and

significant public benefit.  Martin v. Lauer, 686 F.2d 24, 34 (D.C. Cir. 1982).  "Low b(2)"

information can be protected only if the information qualifies as a personnel rule or internal

practice of an agency or is sufficiently related to such a rule or practice.  See Schwaner v. Dept.

of the Air Force, 898 F.2d 793, 795 (D.C. Cir. 1990).  Thus, trivial administrative data, such as

file numbers, mail routing stamps, initials, data processing notations, brief references to previous

communications, and similar administrative markings are exempt from disclosure.  The reason is

that administrative agencies should not be burdened by responding to requests for trivial

information unlikely to be the subject of public interest.  Martin v. Lauer, 686 F.2d at 34.

     Exemption "high (b)(2)" exempts from mandatory disclosure documents relating to more

substantive internal matters.  See Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992).

Withholding is permitted in this category to the extent that disclosure would reveal techniques

and procedures for law enforcement investigations or prosecutions, id., would disclose guidelines

for law enforcement investigations, or would risk circumvention of an agency statute or impede

the effectiveness of an agency's law enforcement activities.  See Crooker, 670 F.2d 1051 (D.C.

Cir. 1981) (en banc); Hardy v. AT, 631 F.2d 653, 656 (9th Cir. 1980).

     Deference has been accorded to law enforcement matters under Exemption 2.  Courts

have interpreted this exemption to apply to a wide range of information, including general

guidelines for conducting investigations (see PHE, Inc. v. Dept. of Justice, 983 F.2d 248, 251

(D.C. Cir. 1993)); guidelines for conducting post-investigation litigation (Schiller v. NLRB, 964

F.2d at 1207)); a training manual with information pertaining to surveillance techniques

(Crooker, 670 F.2d at 1073); criteria for prison gang-member classification (Jimenez v. FBI, 938

F. Supp. 21, 27 (D.D.C. 1996)); and DEA's drug-violator codes (Albuquerque Publishing Co. v.

Department of Justice, 726 F. Supp. 851, 854 (D.D.C. 1989).

Here, BOP applied Exemption 2 to withhold information in its entirety for 13 of 21 pages

of a contract and amendments consisting of 103 pages. See Vaughn Index; Declaration Wilson

Moorer (Moorer Decl.), Attachment, Letter, dated January 12, 2006. These documents contain

sensitive information relating to staffing levels and shift schedules at the current facility of the

plaintiff and information relating to the facility's computer systems operation. Disclosure of

these documents would reveal techniques and procedures for law enforcement, would disclose

guidelines for law enforcement activities and impede the effectiveness of an agency's law

enforcement activities.[2] Therefore these pages were withheld in their entirety. Id.

---

[2]Hall v. Department of Justice, 1989 WL 24542 (D.D.C.) at *2 (reasoning that disclosure of
teletype routing symbols, access codes, and data entry codes maintained by United States
Marshals Service "could facilitate unauthorized access to information in law enforcement
communications systems, and [thereby] jeopardize [prisoners' security]"); Miller v. Dep't. of
Justice, 1989 WL 10598 (D.D.C.), at *1 (disclosure of sections of Bureau of Prisons (BOP)
Custodial Manual that describe procedures for security of prison control centers would
"necessarily facilitate efforts by inmates to frustrate [BOP's] security precautions"); cf.
Thornburgh v. Abbott, 490 U.S. 401, 417 (1989) (rejecting requester's constitutional challenge to
BOP regulation excluding publications that, although not necessarily likely to lead to violence,
are determined by warden "to create an intolerable risk of disorder ... at a particular prison at a
particular time") (non-FOIA case). But see Linn, 1995 WL 631847, at **4-5 (rejecting as
"conclusory" BOP's argument that release of case summary and internal memoranda would cause
harm to safety of prisoners).

**C.    BOP Properly Applied Exemption 4**

Exemption 4 of the FOIA permits an agency to withhold "trade secrets and commercial or financial information [that was] obtained from a person [and is] privileged or confidential." 5 U.S.C. § 552(b)(4).   As this Court has recognized, the legislative history of FOIA "firmly supports the inference that [Exemption 4] is intended for the benefit of persons who supply information." Public Citizen Health Research Group v. FDA, 185 F.3d 898, 904 (D.C. Cir. 1999) (citing National Parks & Conservation Ass'n. v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974)).

In Critical Mass Energy Project v. NRC, 975 F.2d 871 (D.C. Cir. 1992) (en banc), cert. denied, 507 U.S. 984 (1994), the test which was established for determining whether information is confidential for purposes of Exemption 4 turns on whether its submission to the federal government was voluntary or required.  The Court held that Exemption 4 protects "any financial or commercial information provided to the Government on a voluntary basis if it is of a kind that a provider would not customarily release to the public." Id. at 872.  In contrast, with respect to records required to be submitted, Exemption 4 protects as confidential "'any financial or commercial information whose disclosure would be likely either (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.'" Id. at 878, quoting National Parks, 498 F.2d at 770.

The Critical Mass standard is less stringent than that enunciated in National Parks, and the party seeking to invoke Exemption 4 for voluntarily-submitted records has a lesser burden to

meet.[3] <u>Cortez II Service Corp., Inc. v. NASA</u>, 921 F. Supp. 8, 12 (D. D.C. 1996).   This Circuit

intentionally chose in <u>Critical Mass</u> to adopt an "objective," easily-applied, "categorical rule,"

applicable to all voluntary submissions, both because it "recognize[d] a private interest in

preserving the confidentiality of information that is provided the Government on a voluntary

basis", 975 F. 2d at 879, and because it sought to eliminate the need for complex factual inquiries

into the possibility of developing information by other means that had arisen in Exemption 4

cases under the <u>National Parks</u> standard.  (<u>See</u>, <u>e.g.</u>, <u>Worthington Compressors v. Costle</u>, 662

F.2d 45 (D.C. Cir. 1981); <u>Greenberg v. FDA</u>, 803 F.2d at 1216.) <u>Id</u>. at 877.  "...[W]hen the

Government receives information voluntarily, it has a strong interest in ensuring continued

access, and therefore both the Government and private interests weigh against overly broad

disclosures." <u>Center for Auto Safety v. National Highway Traffic Safety Administration</u>, 244

F.3d 144, 148 (D.C. Cir. 2001).

     Exemption 4 operates to protect from disclosure the information at issue here.  The two

documents totaling 15 of the 24 pages withheld by BOP pursuant to this section relate to detailed

pricing information which the submitter, Wackenhut Corrections Corporation aka ("GEO")

provided in its attachments to the contract sought by the Plaintiff.  <u>See</u> Vaughn Index.

     As a voluntary submission it is necessary to demonstrate that all of the information

withheld pursuant to Exemption 4 was of a kind that a provider would not customarily release to

the public." <u>Critical Mass Energy Project</u>,  975 F.2d at 872.  The detailed pricing information

has been reviewed by the submitter pursuant to 28 U.S.C. § 16.8, Wackenhutt Corrections

---

[3]    The agency invoking Exemption 4 for voluntary submissions need only "meet the burden of proving the provider's custom" with respect to the release of the contested information to the public.

Corporation reviewed and subsequently lodged challenges to the request to release these documents on November 17, 2005.  See Exhibit 1, ¶5.  The staffing and shift level changes were also withheld under exemption (b)(2), but these documents also contain sensitive information for which release could cause competitive harm to the submitter, Wackenhutt Corrections Corporation.  Thus, the 4 pages containing this information were properly withheld.

Disclosure of the information withheld in this matter pursuant to Exemption 4 would cause competitive harm and deter the willingness of private companies to share this type of information with the federal government. See Vaughn Index.   Thus, BOP properly withheld information pursuant to Exemption 4.


## CONCLUSION

Defendant has demonstrated that it responded properly to plaintiff's FOIA request, releasing to him a majority of the records requested in their entirety.  Accordingly, defendant respectfully requests that its motion for summary judgment be granted.


Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849

9

Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238

CERTIFICATE OF SERVICE

I certify that the foregoing Motion For Summary Judgment  was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Charles E. Forrester, Jr.
#09565-007
POB 630
Winton, N.C. 27986


on this 1st   day of March, 2006.


_____
                                                       BENTON G. PETERSON
                                                       Assistant United States Attorney

11