IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES E. FORRESTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1847 (HHK) |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LCVR 7.1(h), the defendant submits this statement of material facts as to which there are no genuine dispute. The attached declarations of Ruthlee Gowns and Wilson Moorer, Paralegal Specialists for the Federal Bureau of Prisons (BOP), United States Department of Justice ("DOJ"), supports this statement. (Exhibits 1 & 2 attached hereto.)

1. On August 1, 2005, the plaintiff submitted a Freedom Of Information Act (FOIA) request to BOP, seeking A) a copy of the contract (J1PCc-005) between the Bureau of Prisons and the Wackenhut Corrections Corporation (now known as the GEO Group") regarding the construction and operation of the Rivers Correctional Institution; B) BP-A390.058 forms listing Plaintiff's lump sum awards; and C) BP-331(58) ( Authorization to Receive Package or Property) that was executed on May 10, 2005. Complaint at ¶ 2-3; s Declaration of Ruthlee Gowns, Exhibit 1.

2. The BOP received the Plaintiff's request on August 9, 2005, and assigned request number 2005-08231 to the plaintiff's correspondence. Exhibit 1, ¶3.

3. On or about September 19, 2005, Plaintiff filed the instant lawsuit under FOIA for

the full release of all the requested documents. See Complaint.

4. On October 13, 2005, BOP requested sections B and C of Plaintiff's FOIA request from the Consolidated Legal Center (CLC) in Butner, North Carolina. Exhibit 1, ¶ 9.

5. On October 25, 2005, BOP reviewed the documents in section A) of plaintiff's request and notified the (J1PCc-005) contract holder of the FOIA request and pursuant to 28 U.S.C. § 16.8, the holder reviewed and subsequently lodged challenges to the request to release documents on November 17, 2005. Exhibit 1, ¶5.

6. On January 12, 2006, BOP responded to Plaintiff's request and released 58 pages of the contract (section A); 15 pages of good time conduct documents (section B); and 1 page for release determination (section C), which totaled 74 pages released. The remaining 45 pages of the contract (section A) were held in their entirety. See Declaration Wilson Moorer, Exhibit 2; Attachment, Letter, dated January 12, 2006.

7. On February 3, 2006, upon subsequent review of the remaining documents for section A, a supplemental release of 21 of the 45 pages were released to Plaintiff. The remaining 24 pages of the contract identified in section A of Plaintiff's request were withheld in their entirety pursuant to 5 U.S.C. 552 (b) (2) and (b) (4). See Exhibit 2; Attachments, Letters, dated January 12, and February 3, 2006.

Respectfully submitted,


KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238