UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles E. Forrester, Jr )
)
    Plaintiff, )
)
v. ) Case Number: 05-1847
)
Bureau of Prisons )
)
    Defendant. )
_____ )

## DECLARATION OF RUTHLEE GOWINS

1. I, Ruthlee Gowins, do hereby declare and state the following:

I am a Paralegal Specialist for the Federal Bureau of Prisons (Bureau), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the Bureau's Central Office. In this position, I have access to the records of requests made pursuant to the FOIA/PA. I base this declaration on the research I conducted for the FOIA request from the Plaintiff, Charles E. Forrester, Jr.

2. The Plaintiff alleges he submitted a three part request for documents to the Bureau and did not receive a response within twenty working days.

3. On August 9, 2005, the Bureau's, FOIA/PA Section received a one-page request for documents submitted by Charles Forrester. This request sought a

copy of contract number J1PCc-005, (Contract) between the Bureau and Wackenhut Corrections Corporation (A true and correct copy of the August 9, 2005, FOIA request submitted by Plaintiff, is attached.) There were no other pages or line items received on that date.

4. On August 9, 2005, based on the submitted request for a copy of the contract, Paralegal Specialist Deborah Terrell, of this office, requested a copy from the appropriate Bureau Offices. A copy was received on August 16, 2005.

5. On October 25, 2005, after reviewing the contract, the Bureau notified the contract holder (Submitter) of the request for a copy of contract number J1PCc-005, between the Bureau of Prisons and Wackenhut Corrections Corporation. At that time, the Submitter was provided an opportunity pursuant to 28 U.S.C. §16.8 review and lodge any objections to the release of the requested documents. On November 17, 2005, Submitter responded with numerous challenges to the release of specified information.

6. The contract was reviewed in light of the Submitter's objections. On December 13, 2005, Submitter was notified that some portions of the contract would be released over their objections to the Plaintiff by December 30, 2005.

7. Debbie Terrell retired from the BOP on or about January 6, 2006. This office is

unable to determine with certainty whether the contract was actually forwarded by December 30, 2005.

8. This office operates as a paperless office and all responsive documents related to the contract are contained in the E-FOIA database. The hard copies, that would be forwarded to the requester are not in the office and the request is closed in the database leaving it more probable that they were mailed than were not. However, for the purposes of the litigation, this office will presume the records were not forwarded. The contract identified in Plaintiff's initial request to the Bureau will be immediately reviewed by the FOIA Administrator and released to the Plaintiff January 27, 2005.

9. In relation to the second and third part of the Plaintiff's request, it should be noted that on October 13, 2005, the FOIA/PA Section of the Bureau received a copy of a complaint in this case. Based on the complaint, Debbie Terrell called the Consolidated Legal Center (CLC) in Butner, North Carolina, and asked for assistance in obtaining the second two parts from the contract facility.

10. The documents requested in the second and third parts were maintained by Wackenhut, not the Bureau. Normally, an inmate requesting documents maintained at the institution in which he is confined would be referred back to the facility for local access. However, as a result of the litigation, copies were

requested from the contract facility by the CLC. These documents were received December 19, 2005. They were not immediately forwarded to the Central Office because the CLC believed the inmate was utilizing the local access procedures at his facility. They were received in the Bureau Central Office via fax on January 11, 2006. These documents will be reviewed by the FOIA Administrator immediately and released as soon as possible. It should be noted that the inmate can access these documents at any time within his facility.

11. In an abundance of caution, the Contract requested in the first part and received by the BOP will be reviewed immediately and released by January 27, 2005. The documents requested in the second and third part, not received by the Bureau but identified in the litigation, will be reviewed immediately (DATE) and released by January 27, 2005. In the interim, the Plaintiff has the ability to access these documents immediately at the facility where he is housed.

Pursuant to Title 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this _11_ day of _Jan._, 2006.

Ruthlee Gowins
Paralegal Specialist
Federal Bureau of Prisons

Charles E. Forrester, Jr<br>
Fed. Reg. No. 09565-007<br>
Rivers Correctional Institution<br>
Post Office Box 630<br>
Winton   NC   27986-0630<br>
<br>
August 1, 2005<br>
<br>
VIA CERTIFIED MAIL<br>
7002 3150 0004 2813 6130

Wanda M. Hunt
Chief, FOIA/PA Section
Federal Bureau of Prisons
320 First Street   NW
Room 843
HOLC Building
Washington   DC   20534

RE:   Request For BOP documents and contract
      Pursuant to the F.O.I.A., Title 5 U.S.C. § 552 et seq., and
      28 C.F.R. § 513.61(b).

Dear Ms. Hunt:

   This instant three (3) part request is for:

   **1.**   A copy of the contract (J1PCc-005) between the Bureau of Prisons ("BOP") and the Wackenhut Corrections Corporation (now known as "Global Experts In Outsourcing"), with respect to the construction and operation of Rivers Correctional Institution, 145 Parkers Fishery Road, Winton, North Carolina 27986. In addition, I am requesting copies of <u>all</u> of the subsequent amendments to the 2000 contract.

- 1 -