IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHARLES E. FORRESTER, JR.,
    Plaintiff,

v.                                         Civil Action No. 05-1847(HHK)

BUREAU OF PRISONS,
    Defendant.

## PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff, Charles E. Forrester, Jr., moving pro se, and hereby respectfully presents his opposition to the defendants' motion for summary judgment. This opposition is advanced to the Court in accordance with Rule 56 of the Federal Rules of Civil Procedure (Rev. Ed. 2005). Additionally, plaintiff is asking the Court to consider this opposition as a sworn affidavit in support of plaintiff's position in opposing the defendants' motion for summary judgment. McNamara v. National Credit Union Ass'n, 264 F.Supp.2d 1,4 (D.D.C. 2002) (courts are to grant pro se litigants more latitude in procedural matters); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In support of this opposition, plaintiff swears to the following:

- 1 -

RECEIVED
MAR 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE DEFENDANTS' APPLICATION OF
## TITLE 5 U.S.C. §§ 552(b)(2) AND (b)(4)

On page one of the defendants' memorandum ("memo") of points and authorities, it is asserted that, "[a]s set forth below, the BOP has released **95** pages of materials responsive to the Plaintiff's request and withheld **21** pages in their entirety pursuant to 5 U.S.C. 552(b)(2) and (b)(4)". See id. The defendants have attached to their memo what is called a "Vaughn Index". After careful review of the Vaughn Index, it depicts the following exemptions: 11 pages of modifications to contract J1PCc-005, 4 pages of "staffing levels and shift schedule information", and 9 more pages of modifications to the contract.

Despite the fact that the defendants plead that they withheld **21** pages in their entirety, the Vaughn Index depicts a total of twenty-four (24) pages. See id. Plaintiff hereby respectfully requests the Court to note this discrepancy because plaintiff will establish below that the defendants' motion for summary judgment along with its attached declarations of Ruthlee Gowins and Wilson Moorer are extremely vague, non-detailed, conclusory, and saturated with uncertainty. Thus, at this juncture, plaintiff advances no opposition to the defendants' application of Title 5 U.S.C. §§ 552(b)(2) and (b)(4).

## THE DEFENDANTS ARE ILLEGALLY
## WITHHOLDING THE VAST MAJORITY OF THE
## REQUESTED ORIGINAL MARCH 7, 2000 CONTRACT

The defendants have filed a motion for summary judgment along with an accompanying memorandum ("memorandum") of points and authoties and a Statement of Material Facts Not In Genuine Dispute. The motion also attached the declarations of Ruthlee Gowins and Wilson Moorer, paralegal specialists for the Bureau of Prisons ("BOP").

Plaintiff swears that as of today, the BOP has relinquished to plaintiff no more than a total of twenty-one (21) pages out of the **181** pages of the original contract J1PCc-005. Thus, plaintiff avers that the BOP is illegally withholding from plaintiff **160** pages of the original March 7, 2000 contract, J1PCc-005.

Summary judgment would be inappropriate at this juncture, based on the fact that the BOP has utterly failed to produce to the plaintiff the entire March 7, 2000 contract (or even a significant portion thereof!). "As to materiality, the substantive law will identify which facts are material. On disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On August 8, 2005, the BOP's FOIA/Privacy Act Department received plaintiff's F.O.I.A. request, which specifically requested the noted March 7, 2000 contract. See plain-

tiff's F.O.I.A. complaint at paragraph **3(A)**. <u>See</u> <u>also</u> the defendants' Statement of Material Facts Not In Genuine Dispute, at paragraph **1**. To reiterate, summary judgment would be inappropriate at this juncture because the BOP has withheld at least **160** pages of the contract from plaintiff. <u>McNamara v. National Credit Union Ass'n</u>, 264 F.Supp.2d 1, 2-3 (D.D.C. 2002) (in ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's evidence as true); <u>Judicial Watch v. U.S. Dept. of Commerce</u>, 34 F.Supp.2d 28, 45 (D.D.C. 1998).

On January 17, 2006, plaintiff received a packet from the BOP's FOIA/Privacy Act Office which contained a portion of the information that the plaintiff requested in his August 1, 2005 F.O.I.A. request. Within the attached January 12, 2006 cover letter from the BOP, it is stated that they have released fifty-eight (58) pages of the **contract** and its amendments. The letter also states that, "[t]he remaining forty-five (45) pages of the contract and amendments are being withheld in their entirety...". <u>See</u> Exhibit **A**, plaintiff's **verified** Notification to the Defendants, page **2**, paragraph **2** and **4**.

Plaintiff swears that the BOP has released nothing but fifty-eight (58) pages of **amendments** to the contract. Within those fifty-eight pages were **amendments** nine(9) through thirty-eight (38). Included within those fifty-eight pages were fifteen (15) duplicate pages. Plaintiff avers that he did in fact return the **15** duplicate

- 4 -

pages to the defendants, and retained the remaining forty-three (43) pages of **amendments** to the contract. See Exhibit A, page 3, paragraph 6. See also the defendants' statement of Material Facts Not In Genuine Dispute, page 2, paragraph 6.

Plaintiff has notified the defendants that the BOP had withheld the entire original contract, number J1PCc-005. See Exhibit A, page 2, paragraph 5. On February 6, 2006, plaintiff received a supplemental release of information from the BOP. The BOP has subsequently provided plaintiff with what appears to be four (4) pages of the Contract Requirements, two (2) pages of a Performance Rating Table, and fifteen (15) pages of the Federal Bureau of Investigation Criminal Justice Information Services Security Addendum, which amounted to twenty-one (21) pages of the contract. See Exhibit B, plaintiff's **declared** supplemental Notification To The Defendants, page 2, paragraph 4. Plaintiff avers that the 21 pages of the contract that have been released to him are insufficient to satisfy plaintiff's F.O.I.A. request for the entire contract. See the defendants' Statement of Material Facts Not In Genuine Dispute, at paragraph 7. See also Exhibits A and B in their entirety. Plaintiff swears that the BOP has failed to produce, and is withholding, the remaining 160 pages of the 181-page original contract of March 7, 2000. "An agency must prove that 'each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements'." Friends of Black-

water v. U.S. Dept. of Interior, 391 F.Supp.2d 115, 119 (D.D.C. 2005) (quoting Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir. 1978) (internal citation and quotation marks omitted)).

Plaintiff avers that the defendants' Motion For Summary Judgment, their attached declarations, and their attached Vaughn Index have all utterly ignored the fact that the BOP has **withheld** the vast majority of the original contract of March 7, 2006, from the plaintiff without justification.  See Exhibit B, paragraphs 4, 5, 6, and 7.  "An agency may not ignore 'positive indications of overlooked materials'."  Defenders of Wildlife v. United States Dep't of Interior, 314 F.Supp.2d 1, 10 (D.D.C. 2004) (quoting Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C.Cir. 1999)); Weisberg v. United States Dep't of Justice, 627 F.2d 365, 370 (D.C.Cir. 1980) (Weisberg I) (affidavit asserting that agency official "ha[s] conducted a review of [agency] files which would contain [responsive] information", without describing approach to search or identifying files searched, is insufficiently detailed to permit summary judgment).  See Anderson, supra, 477 U.S. at 248.

### THE DEFENDANTS' DECLARATION OF RUTHLEE GOWINS

Plaintiff avers that on August 8, 2005, the BOP received plaintiff's three (3) part request for documents.  See plaintiff's F.O.I.A. complaint, page 2, paragraph 2.  The Gowins Declaration, at paragraph

<u>3</u>, claims that the BOP's "FOIA/Pa section received a one-page request for documents" from plaintiff. In addition, that declaration claims that, "[t]here were no other pages or line items received on that date". <u>See</u> <u>id</u> at paragraph <u>3</u>. Apparently, the BOP is claiming that plaintiff submitted an insufficient F.O.I.A. request to the BOP's FOIA/Privacy Act office. The BOP had a mandatory, non-discretionary duty to apprise plaintiff of his would-be insufficient F.O.I.A. request. <u>See</u> <u>chiefly</u>, 28 C.F.R. § 16.3(b) (2004) ("If a component determines that your request does not reasonably describe records, it <u>shall</u> tell you either what additional information is needed or <u>why your request is otherwise insufficient</u>. The component also <u>shall</u> give you an opportunity to discuss your request so that you may modify it to meet the requirements of this section." [Emphasis added.]) The defendants never afforded plaintiff the opportunity to modify his alleged "one-page request for documents". Thus, the Court is requested to note that plaintiff did in fact submit a three-part F.O.I.A. request to the BOP's office. <u>See</u> plaintiff's F.O.I.A. complaint, page <u>2</u>, paragraph <u>2</u>.

Within paragraph <u>8</u> of the extremely vague declaration by Ms. Gowins, it is stated that:

> "This office operates as a paperless office and all responsive documents related to the contract are contained in the E-FOIA database. The hard copies that would be forwarded to the requester are not in the office and the request is closed in the database leaving it more probable that they

> were mailed than were not. However, for the purpose of the litigation, this office will presume the records were not forwarded. The contract identified in Plaintiff's initial request to the Bureau will be immediately reviewed by the FOIA Administrator and released to the Plaintiff January 27, 2005."

See the defendants' attached Gowins declaration at paragraph **8**. The Gowins declaration relied upon by the defendants regarding the requested contract is extrmely vague, lacking in detail, conclusory, and saturated with uncertainty. See Suzhou Yuanda Enterprise v. U.S. Customs & Border, 404 F.Supp.2d 9, 11 (D.D.C. 2005); Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C.Cir. 1990). Plaintiff swears that the BOP has produced no more than twenty-one pages of the March 7, 2000 contract to him  See Exhibit B, paragraphs **4** and **5**. The contract, in its entirety, consists of **181** pages. Thus, the defendants are withholding **160** pages of the March 7, 2000 contract. Plaintiff swears that there is a genuine issue of material fact that could establish an element of plaintiff's complaint, and therefore, affect the outcome of the action. CEI Washington Bureau v. U.S. Dept. of Justice, 404 F.Supp.2d 172, 175 (D.D.C. 2005); National Inst. of Milit. v. U.S. Dept. of Defense, 404 F.Supp.2d 325, 332-33 (D.D.C. 2005); McNamara v. National Credit Union Ass'n, 264 F.Supp.2d. 1, 2-3 (D.D.C. 2002) (in ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's evidence as true).

As asserted above, the March 7, 2000 original contract contains **181** pages. The BOP has relinquished nothing but **21** pages of the contract to plaintiff. Thus, the BOP is currently withholding **160** pages of the contract from plaintiff. The Gowins declaration is silent with respect to the preceding facts. Recently, a fellow inmate provided plaintiff with the initial eight (8) pages of the March 7, 2000 contract, which he alleges was acquired via a submitted F.O.I.A. request to the BOP's FOIA/Privacy Act office. See Exhibit C, March 7, 2000 contract. Notably, the front page depicts that the contract contains **181** pages. The Court is requested to note the Table of Contents. Within the **8** pages of the contract id as Exhibit C are seven (7) pages of the Statement of Work. Notably, the Table of Contents depicts forty (40) pages of the Statement of Work. Plaintiff swears that as of today, the BOP has failed to produce at least the **40** pages of the Statement of Work. The Gowins declaration and the defendants' Vaughn Index fail to assert any exemptions relating to the Statement of Work. Delta Ltd. v. U.S. Customs and Border Protection, 384 F.Supp.2d 138, 153 (D.D.C. 2005) ("[i]f a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions"); Students Against Genocide v. Department of State, 257 F.3d 828, 837 (D.C.Cir. 2001); Perry v. Block, 684 F.2d 121, 127 (D.C.Cir. 1982).

Plaintiff avers that the defendants' withholding of the **160** pages of the contract is in bad faith, and it tends to cast considerable doubt on the adequacy of the BOP's search for the contract. See supra Anderson, 477 U.S. at 248. See also chiefly, Title 5 U.S.C. § 552(b) ("any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection").

## THE DEFENDANTS' DECLARATION OF WILSON J. MOORER

The defendants' attached Moorer declaration corroborates plaintiff's position that the BOP has released no more than **21** pages of the contract to him. See the defendants' attached Moorer declaration at paragraph **2**. See also plaintiff's Exhibit **B**, paragraphs **2**, **4**, and **5**. Subsequent to plaintiff receiving the **21** pages from the BOP, plaintiff notified the defendants that they have additional information that should be released to him. See Exhibit B, paragraphs **5** and **7**. The defendants completely ignored plaintiff's assertion within his Supplemental Notification to them dated February 8, 2006. "...[A]n agency may not ignore 'positive indications of overlooked materials'." Defenders of Wildlife v. U.S. Department of Int., 314 F.Supp.2d 1, 10 (D.D.C. 2004) (quoting Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C.Cir. 1999) (internal citation and quotation marks omitted)). The Moorer declaration offers absolutely no detail regarding the search for the con-

tract, nor does it offer a reason for the withholding of the remaining **160** pages of the contract. Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir. 1978) (the agency's affidavits, naturally, must be "relatively detailed" and nonconclusory and must be submitted in good faith).

The Moorer declaration proferred by the defendants is extremely vague, lacking in detail, conclusory—even more so than the declaration of Ms. Gowins!—and completely devoid of substance. The defendants may rely upon declarations to show it has conducted a reasonable search, as long as such declarations are "'relatively detailed' and nonconclusory and...submitted in good faith". Goland v. CIA, 607 F.2d 339, 352 (D.C.Cir. 1979) (quoting Vaughn v. Rosen, 484 F.2d 820, 826 (D.C.Cir. 1973). The **160** pages of the contract that the BOP has withheld are relevant to plaintiff's F.O.I.A. request; thus the Court is requested to compel the defendants to relinquish the remaining portions of the contract to plaintiff. See Exhibit C. "In a suit brought to compel production, an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced...or is wholly exempt from the Act's requirements'." Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C.Cir. 2001) (quting Goland v. CIA, 607 F.2d 339, 352 (D.C.Cir. 1978)); Billington v. Dep't of Justice, 233 F.3d 581, 583-84 (D.C.Cir. 2000); U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 150-152 (1989).

## THE DEFENDANTS' PROFERRED VAUGHN INDEX

The defendants have attached to their Motion for Summary Judgment a document commonly known as the Vaughn Index. See Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973). The burden is on the BOP to establish that the remaining **160** pages of the requested March 7, 2000 contract falls within an FOIA exemption. Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1433 (D.C.Cir. 1992) (quoting 5 U.S.C. § 552(a)(4)(B)). Agencies such as the BOP typically submit declarations and a Vaughn Index to satisfy this burden, which sets forth a description of each withheld document, the exemption claimed for withholding the document, and reasons for supporting the application of the exemption to the withheld material. Vaughn, 484 F.2d at 827; King v. U.S. Dep't of Justice, 830 F.2d 210, 219 (D.C.Cir. 1987); Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C.Cir. 1983). The BOP's proferred Vaughn Index must be sufficiently detailed to allow this Court to determine whether the claimed exemptions apply to the withheld documents. Oglesby v. U.S. Dep't of Army, 79 F.3d 1172, 1176 (D.C.Cir. 1996).

The March 7, 2000 original contract depicts a Table of Contents, which indicates the topical organization of **one hundred and eighty-one pages**, and is labeled at the upper right-hand corner as "PAGE 1 OF 181". See Exhibit C. Plaintiff swears that the BOP has produced to him no more than **21** pages of the **181**-page contract—thus

leaving in the BOP's exclusive possession at least **160** withheld pages of the March 7, 2000 contract. The BOP's proferred Vaughn Index in conjunction with their proferred declarations by Ms. Gowins and Mr. Moorer have utterly failed to set forth any description of each of the **160** withheld pages, the exemption(s) claimed for withholding the **160** pages, and reasons supporting the application of any exemption(s) to the withheld **160** pages of the contract in question. See Exhibit C.

The "refusal to release documents that are in [an] agency's 'custody' or 'control' for any reason other than those set forth in the Act's enumerated exceptions would constitute 'withholding'." And in this regard, "[neither an agency nor a court may impose its own additiopnal criteria as to when disclosure is proper; the settled policy of the FOIA is one of 'full agency disclosure unless information is exempted under clearly delineated statutory language'." Tax Analysts v. United States Department of Justice, 845 F.2d 1060, 1064 (D.C.Cir. 1988) (quoting McGehee v. CIA, 697 F.2d 1095, 1110; and S. Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)).

The Vaughn Index proferred by the defendants depicts enumerated exemptions to the **modifications** of the March 7, 2000 contract. See supra, page **2** of this opposition. That Vaughn Index is absolutely silent regarding any exemptions that have been attached to the withheld **160** pages of the contract, which contains a table of

contents. See Exhibit C. See also Exhibit B, paragraphs 2, 4, and 7. Currently, the BOP has offered this Court absolutely no justification for the non-disclosure of the 160 pages of the March 7, 2000 contract. Sierra Club v. U.S. Dept. of Interior, 384 F.Supp.2d 1, 14 (D.D.C. 2004) (the government bears the burden of justifying non-disclosure); McCutchen v. United States Dep't of Health & Human Servs., 30 F.3d 183, 185 (D.C.Cir. 1994); Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973) (requiring detailed justification itemizing and indexing individual documents in order to support exemption claims).

Collectively, the defendants' proferred Gowins and Moorer declarations, in conjunction with the Vaughn Index, are extremely vague, non-detailed, and conclusory with respect to the withheld 160 pages of the March 7, 2000 contract. See Exhibits A, B, and D, respectively. The defendants have failed to satisfy the summary judgment requirements in this FOIA case by providing the Court and plaintiff with affidavits or declarations and other evidence which would show that the non-disclosed 160 pages of the March 7, 2000 contract are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C.Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980).

Plaintiff avers that the vast majority of the policies that govern the operation of Rivers Correctional Institution ("RCI")

derive their authority from the March 7, 2000 contract, J1PCc-005. See Exhibit D, RCI-02.008(II), RCI-03.006(II), RCI-10.001(II), and RCI-12.006(II), respectively. The preceding RCI policies establish that the requested March 7, 2000 contract does in fact exist. See Exhibit C. Plaintiff avers that the BOP has withheld, and failed to produce **160** pages of the March 7, 2000 contract. The FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). Horowitz v. Peace Corps, 428 F.3d 271, 277 (D.C.Cir. 2005); Trans-Pacific Policing Agreement v. U.S. Customs Service, 177 F.3d 1022 (D.C.Cir. 1999).

Plaintiff swears that the BOP has withheld **160** pages of the March 7, 2000 contract from him. The Court is requested to compel the defendants to relinquish the **160** pages of the contract to him without further delay. Gallace v. U.S. Dept of Agriculture, 273 F.Supp.2d 53, 58 (D.D.C. 2003); Kissinger v. Report. Com. For Freedom of the Press, 445 U.S. 136, 139 (1980). As of today, the defendants have failed to produce the March 7, 2000 contract to plaintiff in its entirety. See Exhibit E, Forrester's Affidavit In Support of this opposition. Thus, plaintiff avers that the Court should deny the defendants' motion for Summary Judgment based on the fact that plaintiff has established that there is a genuine issue of material fact that could establish an element of plaintiff's com-

plaint, and therefore, affect the outcome of the action. "As to materiality, the substantive law will identify which facts are material. Only disputes or facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); McNamara v. National Credit Union Ass'n., 264 F.Supp.2d 1, 2-3 (D.D.C. 2002) (in ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's evidence as true).

## CONCLUSION

WHEREFORE, plaintiff prays that this Court will, in the interest of justice and fairness, deny the defendants' motion for summary judgment, and issue an order directing the defendants to produce the remaining 160 pages of the March 7, 2000 contract to him.

Respectfully submitted,

/s/ _____
Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Rivers Correctional Institution
P.O.Box 630 / Unit C
Winton   NC   27986-0630

## CERTIFICATE OF SERVICE

This is to certify that I have this 13th day of March 2006 served a copy of the foregoing upon the below-listed party by placing the same in the Rivers Correctional Institution prison mail box, addressed as follows:

    Benton G. Peterson
    Assistant United States Attorney
    555 4th Street, N.W. - Civil Division
    Washington, DC  20530

/s/ _____
Charles E. Forrester, Jr.
Pro se

Sworn to before me this
13TH day of March 2006

_Deanna W. Bissett_
NOTARY PUBLIC

My Commission expires: 10-05-2010