UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES E. FORRESTER, JR,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS,**<br><br>Defendant. | Civil Action 05-1847  (HHK) |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment.  Plaintiff, who is proceeding *pro se*, is advised of the following.

On a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982).  Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If

>the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Charles E. Forrester, Jr., who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. See Neal, 963 F.2d at 457-58. Accordingly, it is

**ORDERED** that pursuant to the scheduling order (as modified herein), plaintiff has until **April 17, 2006,** to supplement his opposition filed March 16, 2006, if he so intends in light of the foregoing advisements.

_____s/_____
Henry H. Kennedy, Jr.
United States District Judge

Date: March 23, 2006