## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHARLES E. FORRESTER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1847 (HHK)** |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MOTION FOR AN ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Defendant, through counsel, the United States Attorney for the District of Columbia, in the above-captioned case hereby moves, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, for an enlargement of time within which to reply to Plaintiff's Opposition to its Motion for Summary Judgment up to and including May 2, 2006. Defendant's reply to Plaintiff's Opposition to its Motion for Summary Judgment is currently due on April 27, 2006. Inasmuch as Plaintiff is a *pro se* prisoner, counsel for the Defendants did not attempt to contact him concerning his position on this motion.[1]

---

[1]  Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with *pro se* litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

**For cause, Defendants state as follows:** Defendants, have begun preparation of a draft response to the Plaintiff's opposition, however, the undersigned has not been provided with a completed declaration by the agency, which is necessary in responding to the allegations in this matter. The undersigned did not learn until Monday afternoon that one of the declarants was unexpectedly unavailable to provide a finalized declaration. In addition, efforts to obtain an alternate declarant with sufficient knowledge responsive to the relevant issues also proved unsuccessful, because the undersigned also learned that another key agency staff member would be out for the remainder of the week due to emergency family matters. The declarant is expected to return to duty on May 1, 2006. Therefore, in an abundance of caution, defendant's ask for a short enlargement of time up to and including May 2, 2006 to have the necessary affidavits signed and completed.

WHEREFORE, based on the foregoing, Defendants respectfully requests an extension of time to and including May 2, 2006, to reply to Plaintiff's Opposition.

Dated: April 25,  2006                    Respectfully submitted,

                                         _____
                                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                          United States Attorney

                                         _____
                                          RUDOLPH CONTRERAS, D.C. Bar # 434122
                                          Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing  has been made by mailing a copy thereof to:


CHARLES E. FORRESTER, JR
R 09565-007
RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986-0630
PRO SE


on this ___ day of April  2006.


_____
BENTON G. PETERSON
Assistant U.S. Attorney
Judiciary Center Building
Civil Division
555 Fourth Street, N.W.
Washington, DC  20530
(202) 514-7238