IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES E. FORRESTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1847 (HHK) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP") by and through counsel, replies to Plaintiff's Opposition to Defendant's Motion For Summary Judgment ("Pl. Opposition"). Plaintiff has raised no legally sufficient challenge to the grounds for summary judgment or for dismissal of this action. Plaintiff asserts that summary judgment for Defendant would be improper, because Plaintiff has not received 160- pages allegedly withheld from a contract between Defendant BOP and a third party, Wackenhut Corrections Corporations, Pl. Opposition at p.3. Plaintiff acknowledges receipt of document releases pertaining to the instant matter on January 17, 2006, ( id. at p. 4), and again on February 6, 2006, (id. at p. 5), however, Plaintiff argues that such releases are "insufficient to satisfy plaintiff's FOIA request," because the pages, released in whole or part, are not of the "entire contract." Id. Consequently, while Plaintiff concedes that he advances no opposition to the defendants' application of FOIA Exemptions (b) (2) and (b)(4) ( Pl. Opposition at p.2), plaintiff contends that the declarations of Ruth Gowins and Wilson Moorer are vague and do not explain

Plaintiff's contentions that more contract documents exist. Id.

In opposing Defendant's dispositive motion, Plaintiff fails to offer any evidence to support his view or to challenge the assertions made in Defendant's statement of material facts. See generally Pl. Opposition; Affidavits of Wilson Moorer and Ruthlee Gowins.  At best, Plaintiff appears to argue that an alleged "index" page ( within the documents that were provided to him) shows that there are more pages in the contract that were not released to him. Pl. Opposition at 5.  However, this page was created during the solicitation stage of contracting. See Ron Hill Declaration, ("Hill Decl.") ¶ 3.  At the time of his request and the stage of the contract solicitation, the contract at issue would have included all the documents listed in the Table of Contents, which total 181 pages.  Hill Decl. at ¶ 3.  This page count changed once the contract was awarded. Id.  So, the page count Plaintiff continuously references is not a reliable indicator for the number of pages that are available for the awarded contract. Id.  Thus, without more, Plaintiff's opposition fails to present any genuine material issue of fact that is in dispute and as such, provides no rebuttal to Defendant's grounds for dismissal.

This Court has held that "a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists." Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998) (explaining that plaintiff's "bare suspicion" will not call into question adequacy of agency's search).  Moreover, summary judgment will not be defeated by unsupported claims that an agency is withholding information. Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 360 (D.D.C. 1998) (finding summary judgment not defeated "with pure conjecture about the possible content of withheld information,

raising 'some metaphysical doubt as to the material facts.'" (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In the instant case, in addition to having an incorrect perception of what the "entire contract" at issue consists of, Plaintiff has conceded that he has no legal basis to challenge why portions of these documents were withheld.  Pl. Opposition at 2-3.  Plaintiff's response does not address any material issues in Defendant's Motion for Summary Judgment.  Moreover, Plaintiff's "assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." Oglesby v. U.S. Dept. of Army , 920 F.2d 57 at 67 n.13.  Nor can "[p]laintiff's speculation that additional or different documents may exist" be sufficient to rebut the presumption of a reasonable search because "[i]t is the method of search that determines whether it was reasonable, rather than the results." Hightower v. FBI, No. 98-2817, slip op. at 7 (D.D.C. Mar. 20, 2000).

Here, Plaintiff also alleges  that the BOP's search was not adequate under FOIA because additional pages of the contract at issue were received by fellow inmates via similar FOIA requests.  However, Plaintiff offers no evidence as to what the unidentified 'fellow inmate' requested in order to receive the portion of the contract that the Plaintiff references.  As explained in the Hill Declaration, a reasonable search was conducted for the contract by the agency based on Plaintiff's  request.  See Hill Decl. at ¶ 3.  An electronic search of the Bureau's Procurement Office based upon the Contract number "J1PCc-005" yielded 82 pages along with subsequent modifications.  Id.   This response was in compliance with the Plaintiff's original request.

Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  Plaintiff does not dispute any of the relevant material facts concerning the agency's FOIA search.  The factual disputes alleged by Plaintiff, such as the discrepancy in the number of pages released (i.e. 21 versus 24),  Pl. Opposition at p.5, will not put into dispute any genuine material fact.

Defendant has established that it conducted an adequate search and the responsive documents found were forwarded to Plaintiff.  Plaintiff  has failed to challenge the basis for withholding any redacted information in the documents.  And, his contention that more documents must exist is based on speculation that fails to create a genuine issue regarding defendant's search.  Even a pro se plaintiff will be found to have conceded the government's factual assertions if he fails to contest them, once it is clear that he understands his responsibility to do so.[1]

---

[1] See Davis v. CIA, No. 4: CV-99-838, slip op. at 4-5 (M.D. Pa. Nov. 18, 1999); Knight v. FDA, No. 95-4097, 1997 WL 109971, at 1 (D. Kan. Feb. 11, 1997); Nuzzo v. FBI, No. 95-cv-1708, 1996 U.S. Dist. LEXIS 15594, at 8-9 (D.D.C. Oct. 8, 1996); Butler v. Department of the Air Force, 888 F. Supp. 174, 178-79 (D.D.C. 1995), aff'd per curiam, No. 96-5111 (D.C. Cir. May 6, 1997); see also Hart v. FBI, No. 94 C 6010, slip op. at 4 (N.D. Ill. Apr. 6, 1995) (holding that "plaintiff has not asserted any facts which convince this Court that the FBI has any records which relate to him or has failed to conduct an adequate search"), aff'd, 1996 U.S. App. LEXIS 17684, at 8-9 (7th Cir. July 16, 1996).

Wherefore, it is respectfully requested that the Court find in favor of defendant.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

## CERTIFICATE OF SERVICE

     I hereby certify that on this ___ day of May 2, 2006 a copy of the foregoing Reply was served by first class United States mail, postage prepaid, to:

Charles E. Forrester, Jr.
#09565-007
POB 630
Winton, N.C. 27986

                                                                                 _____
                                                                                 Benton Peterson
                                                                                 Assistant United States Attorney