UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES E. FORRESTER, JR.              :
                                       :
          Plaintiff,                   :
                                       :
                                       :   Case No. 05:1847 (HHK)
     v.                                :
                                       :
                                       :
BUREAU OF PRISONS                      :
                                       :
          Defendant.                   :

## DECLARATION OF RON HILL

I, Ron Hill, do hereby declare and state the following:

1. I am the Administrator for the Federal Bureau of Prisons (Bureau), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the Bureau's Office of General Counsel. I am aware of Plaintiff's claim that the Bureau improperly withheld at least 160 pages of a contract when his FOIA request, Request Number 2005-08231, was processed. I understand his claim is based on a page he indicates he obtained from another inmate that indicates contract number J1PCc-005, Solicitation number RFP PCC-0004 contains 181 pages as reflected by the page count in the upper right hand corner. I have reviewed that page, the records contained in Plaintiff's electronic FOIA file, and the entire contract file for J1PCc-005. I base this declaration on my review of those records and my knowledge of processing contracts under the FOIA.

2.      The page Plaintiff references was created during the solicitation stage of contracting. At that point in time the solicitation would have included all the documents listed in the Table of Contents, which adds up to 181 pages. This page count though, was only an accurate reflection during that initial solicitation period. Once the contract was awarded, the contract file would contain the final contract that was agreed upon between the Bureau and the winning bidder. The number of pages in the contract award file would not necessarily be the same as the number of pages in the original solicitation. So, the page count Plaintiff references is not a reliable indicator for the number of pages that are currently being maintained for the awarded contract.

3.      On or about April 7, 2006, I had a search to be conducted by the Bureau's Procurement Office, Acquisition Branch, Privatized Corrections Contracting Section to locate the current contract file for Contract J1PCc-005. The search revealed the Privatized Corrections Contracting Section maintains the contract in electronic format. The contract is accessed by locating the specific contract number (which in this case is J1PCc-005), highlighting the contract, and then the contract can be printed or forwarded by e-mail to the person who is requesting a copy of the contract file. The file includes the awarded contract, which contains 82 pages, not the 181 pages Plaintiff claims, along with all subsequent modifications to the award.

4.      Plaintiff's original request was for the contract and all subsequent *amendments* to the contract. The standard procedure for processing requests for contracts is to notify the agency office responsible for maintaining the responsive documents. In this case it was the Procurement Office. In response to this notice, 103 pages were forwarded to the FOIA office for a release determination. From these 103 pages, the Bureau made the release determinations reflected in the

responses of January 12 and February 3, 2006. Those determinations resulted in the full release of 79 pages and the withholding of 24 pages as reflected in the <u>Vaughn</u> Index. At the time the request was processed, the FOIA office was not in possession of, nor aware of any other documents responsive to Plaintiff's request.

5.  In response to the plaintiff's allegations that additional pages to the contract may exist, I met with the Chief of the Bureau's Procurement Office, Acquisition Branch, Privatized Corrections Contracting Section to try to determine if additional documents existed responsive to the original request. A review of Plaintiff's request revealed Plaintiff had asked for the contract and all subsequent *amendments* to the contract. However, the term *amendment* is used by the Bureau's contracting staff to describe any changes made to the original solicitation, which is prior to the contract being awarded. Once the contract is awarded, any changes are called *modifications*. As a result, the office forwarded all responsive documents pursuant to the Bureau definition of amendment.

6.  Plaintiff, in his Notification To The Defendants In Conjunction With The Defendants Proposed Briefing Schedule, indicates in Paragraph 6 that he has no interest in any of the amendments to contract J1PCc-005. In an effort to ensure Plaintiff receives the fullest access to the records responsive to his request for contract J1PCc-005, the FOIA office has obtained the file for the original contract J1PCc-005, which consists of 82 pages, and has process those documents. These processed documents were forwarded to the Plaintiff on April 21, 2006. The Plaintiff received 73 pages in their entirety and the remaining 9 pages were redacted in part pursuant to Title 5 U.S.C. §552(b)(4). Exemption (b)(4) protects commercial or financial

information obtained from a person that is privileged or confidential.

I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this ___1___ day of May 2006,

_____
Ron Hill
FOIA/PA Administrator
Federal Bureau of Prisons
Washington, D.C.