IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES E. FORRESTER, JR.,
    Plaintiff,

v.                                      Civil Action No. 05-1847(HHK)

BUREAU OF PRISONS,
    Defendant.

PLAINTIFF'S MOTION REQUESTING THE COURT
TO CONDUCT AN IN CAMERA INSPECTION
WITH RESPECT TO CONTRACT NUMBER J1PCc-005

    **Comes Now**, the plaintiff, Charles E. Forrester, Jr., moving **pro se**, and hereby respectfully requests this Court to exercise its unfettered authority to conduct an in camera inspection with respect to the original March 7, 2000 contract (J1PCc-005) between the Bureau of Prisons and Wackenhut Corrections Corporation (now known as "The GEO [Global Experts in outsourcing] Group, Inc.").

    This motion is advanced to the court in accordance with Title 5 U.S.C. § 552(a)(4)(B) (West Supp. 2005). In support of this motion, plaintiff asserts the following:

RECEIVED
MAY 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1. On or about January 17, 2006, plaintiff received a packet of information from the FOIA office of the Bureau of Prisons ("BOP"), purportedly to satisfy plaintiff's August 1, 2005 FOIA request. The packet contained a January 12, 2006 cover letter that states, "...a copy of contract J1PCc-005 and all subsequent amendments consisting of one hundred three (103) pages...". In addition, the letter states that, "...we have determined that fifty-eight (58) pages of the contract and amendments...can be released in their entirety." The letter goes on to state that, "[t]he remaining forty-five (45) pages of the contract and amendments are being withheld in their entirety...". See the defendant's **Statement of Material Facts Not In Genuine Dispute**, in their motion for summary judgment, at paragraph **6**. See also plaintiff's **Notification To The Defendants** of January 19, 2006, at paragraph **4**.

2. On or about February 7, 2006, the BOP sent plaintiff an additional packet of information which contained a cover letter of February 3, 2006, stating that, "...this office responded to your request, releasing all but forty-five (45) pages, which pertain to the contract. <u>After further review</u>, an additional twenty-one (21) pages of the contract are being released in their entirety...". See the defendant's **Statement of Material Facts Not In Genuine Dispute**, in their motion for summary judgment, at paragraph **7**. See also plaintiff's **Supplemental Notification To The Defendants** of February 8, 2006, at paragraphs **2**, **3**, and **6**.

3. On or about April 28, 2006, plaintiff received a **third** packet from the BOP's office, which contained a cover letter dated April 21, 2006. Now, and for the first time, the BOP is claiming that the original contract of March 7, 2000 only "consists of eighty-two pages" and "not the 181 [pages] as listed at the top of the contract award page." See the defendant's reply at page **2**, citing to the Hill Declaration.

4. Based on the foregoing, plaintiff asserts that the defendants are attempting to simultaneously pull the wool over the eyes of the Court, as well as the plaintiff. The incomplete copy of the March 7, 2000 contract provided to plaintiff omits the following sections:

    **K.**   Safety and Emergency Procedures;

    **L.**   Discipline;

    **M.**   Inmate Rights;

    **S.**   Academic and Vocational Education; and

    **T.**   Recreation and Activities.

See Exhibit One. See also the incomplete contract of March 7, 2000. It is extremely difficult to discern from the defendant's Hill Declaration what exemption(s) the BOP has attached to the withheld foregoing items. "In a suit brought to compel production, an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates "that each document that falls within the class requested either has produced...or is wholly exempt from the

- 3 -

Act's requirements'." Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C.Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C.Cir. 1978)); Billington v. Dep't of Justice, 233 F.3d 581, 583-84 (D.C.Cir. 2000); U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 150-52 (1989).

5. On page ten (10) Statement of Work), lines **32-34**, it is mandated that, "[t]he contractor shall follow procedures in section **J**...". See plaintiff's surreply at Exhibit **A**, page **10**. Notably, the BOP has omitted the vast majority of Section **J** of the contract of March 7, 2000. Within the table of contents displayed on the contract award page, Section **J** depicts a **List of Attachments** consisting of **96** pages. See Exhibit Two. Oddly enough, however, the defendants are claiming that the entire contract contains only **82** pages! In considering the amount of pages depicted in the March 7, 2000 table of contents, versus the defendant's claim that the contract only contains **82** pages, the court is urged to recognize that this issue begs for an in camera inspection. See chiefly, Carter v. U.S. Dept. of Commerce, 830 F.2d 388, 392-94 (D.C.Cir. 1987). Importantly, the defendants have not claimed any exemptions to section **J** of the contract. Thus, the defendants are withholding the majority of section **J**, and are doing so improperly. See Tax Analysts v. United States Department of Justice, 845 F.2d 1060, 1064 (D.C.Cir. 1988). Simply put, the attachments to the contract contribute to the total **181** page count of the March 7, 2000 contract.

6. At this juncture, an in camera review would save considerable time and expense. It is quite evident from the current record that the defendant has every intention on piecemealing plaintiff's FOIA request of August 1, 2005, while still ultimately failing to fulfill that request. See plaintiff's **Supplemental Notification To The Defendants**, at paragraphs **6** and **7**.

7. Recently, the BOP has provided many of plaintiff's fellow inmates with incomplete copies of the March 7, 2000, which is the subject of the complaint currently before this court. Plaintiff has attached at least five (5) copies of the cover letters that were sent to those inmates. See Exhibit three. The BOP will corroborate the fact that there are several more FOIA requests for the contract pending. Plaintiff's fellow inmates, id. at Exhibit Three, have expressed a strong desire in submitting prospective FOIA complaints to this court, based on the BOP's improper withholding of the information that is currently being argued before this Honorable Court. See supra, paragraphs **4** and **5**.

8. Plaintiff is asking the Court to rectify the contract issue by conducting an in camera inspection on the March 7, 2000 contract, because the very issue raised by plaintiff will more than likely be submitted to the court over and over again for review. See supra, paragraph **7**. To conduct an in camera review at this juncture will conserve time and judicial resources. The entire contract has not

been provided to plaintiff per his FOIA request of August 1, 2005. See supra, paragraphs 4 and 5.

## CONCLUSION

WHEREFORE, plaintiff, Charles E. Forrester, Jr., pro se, prays that this Honorable Court will, in the interest of fairness and justice, conduct an in camera inspection with respect to the original March 7, 2000 contract.

## AUTHORITATIVE STATUTE / CASE CITATIONS

Title 5 U.S.C. § 552(a)(4)(B)

Title 5 U.S.C. § 552(b)

Carter v. U.S. Dept. of Commerce, 830 F.2d 388, 392-94 (D.C.Cir. 1987)

Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

Respectfully submitted,

Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Rivers Correctional Institution
P.O. Box 630 / Unit C
Winton  NC  27986-0630

## CERTIFICATE OF SERVICE

This is to certify that I have this __16__ day of May 2006 served a copy of the foregoing upon the below-listed party by placing the same in the Rivers Correctional Institution prison mailbox, addressed as follows:

    Benton G. Peterson
    Assistant United States Attorney
    555 4th Street   NW
    Washington   DC   20530

        /s/ _____
        Charles E. Forrester, Jr.
        Pro se

Sworn to before me this
__12__th day of May 2006.

_____
NOTARY PUBLIC

My Commission Expires
March 26, 2011
5-12-2006

- 7 -