IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


CHARLES E. FORRESTER, JR.,

    Plaintiff,

v.                                              Civil Action No. 05-1847(HHK)

BUREAU OF PRISONS,

    Defendant.


PLAINTIFF'S MOTION SEEKING LEAVE TO FILE

A SUR-REPLY TO THE DEFENDANT'S REPLY

TO PLAINTIFF'S OPPOSITION


    Comes Now, the Plaintiff, Charles E. Forrester, Jr., moving pro se, and hereby respectfully requests the court to grant this instant motion seeking leave to file a sur-reply to the Defendant's reply to Plaintiff's opposition.  Granting this motion will give Plaintiff the opportunity to rebut for the first time the Defendant's reply, which attaches a new declaration, which is authored and executed by Ron Hill.  See the Defendant's Notice of Filing Exhibit, dated May 3, 2006.  See also Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998) (Lamberth, J.) (granting leave to file a sur-reply to respond to a new declaration); Lee v. Christian Coalition

RECEIVED

MAY 19 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

of America, Inc., 160 F.Supp.2d 14, 23 n.4 (D.D.C. 2001).  In addi-

tion, granting this motion will give Plaintiff the opportunity to

provide the Court with a copy of the alleged eighty-two (82) page,

incomplete contract (number J1PCc-005) that was provided to plain-

tiff long after he submitted his opposition (filed in this Court

on March 17, 2006), and subsequent to the Defendant's reply due

date of April 17, 2006.  See the Court's order of January 18, 2006,

adopting the Defendant's proposed briefing schedule.  In support

of this motion, Plaintiff swears to the following:


  1.  On May 8, 2006, Plaintiff received the defendant's reply

to Plaintiff's opposition to the Defendant's motion for summary

judgment.  The reply is accompanied by a new Ron Hill declaration

("Hill Decl.").


  2.  The Hill Decl. was omitted from the Defendant's March 1,

2006 motion for Summary Judgment, which only attached two (2) decla-

rations—one from Ms. Ruthlee Gowins, and one from Mr. Wilson J.

Moorer.  See id.  Thus, the Hill Decl. is newly presented to this

Court as well as to the Plaintiff.


  3.  The Hill Decl. raises alleged facts that are completely

different from the facts asserted in the Defendant's summary judg-

ment motion.  The Hill Decl. alleges for the first time that the

BOP's "...file includes the awarded contract, which contains 82

pages, not the **181** pages Plaintiff claims, along with all subsequent

modifications to the award." In addition, the Hill Decl. alleges

for the first time that, "[i]n an effort to ensure Plaintiff receives

the fullest access to the records responsive to his request for

contract J1PCc-005, the FOIA office has obtained the file for the

original contract J1PCc-005, which consists of 82 pages, and has

processed those documents. These processed documents were forwarded

to the Plaintiff on April 21, 2006. The Plaintiff received 73 pages

in their entirety and the remaining 9 pages were redacted in part

pursuant to Title 5 U.S.C. § 552(b)(4)." See the Defendant's attached

Hill Decl. at paragraphs **3** and **6.** The preceding alleged facts were

presented to this Court for the first time, and subsequent to the

Plaintiff filing his opposition to the Defendant's Motion For Sum-

mary Judgment. A sur-reply is most appropriate where the new matter

introduced is factual. See Alexander v. FBI, 186 F.R.D. 71, 74

(D.D.C. 1998) (granting motion for leave to file a sur-reply where

the reply included a declaration that was not included in the origi-

nal motion, and that raised "matters presented to the court for

the first time").


4.    Despite the fact that Plaintiff did not advance any opposi-

tion to the Defendant's application of FOIA exemptions (b)(2) and

(b)(4), the Defendants recognized Plaintiff's sound argument within

his opposition regarding the Defendant's inadequate search for the

original March 7, 2000 contract. Taking Plaintiff's opposition at

face value, the Defendants conducted a **second** search for responsive
information, thus yielding **82** pages of a demonstrably **181** page con-
tract dated March 7, 2000.  Notably, the Defendants conducted the
search after Plaintiff's opposition was filed on March 17, 2006,
and then provided Plaintiff with the incomplete contract on April
28, 2006, far after the Defendant's April 17, 2006 Reply due date.
See the Court's January 18, 2006 order adopting the Defendant's
Proposed Briefing Schedule.  In addition, see Exhibit **A** , Plain-
tiff's sur-reply, to which is attached a copy of the BOP's FOIA
section's cover letter of April 21, 2006, and a copy of the incom-
plete contract of March 7, 2000.


5.  The facts alleged in the Hill Decl. have been advanced to
the Court for the first time.  The incomplete contract and the Hill
Decl. that were sent to Plaintiff after he submitted his opposition
to the Court can only be rebutted if the Court grants this instant
motion.  Courts routinely grant motions for leave to file a sur-
reply when a party such as the Plaintiff is "'unable to contest mat-
ters presented to the Court for the first time'."  Ben-Kotel v.
Howard University, 319 F.3d 532, 536 (D.C.Cir. 2003) (quoting Lewis
v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001)); U.S. Baroid Corp.,
346 F.Supp.2d 138, 143 (D.D.C. 2004); Robinson v. The Detroit News,
Inc., 211 F.Supp.2d 101, 112 (D.D.C. 2002) ("[t]he standard for
granting leave to file a sur-reply is whether the party making the
motion would be unable to contest matters presented to the Court

for the first time in the opposing party's reply"). <u>Flynn v. Veazey</u>

<u>Const. Corp.</u>, 310 F.Supp.2d 186, 189 (D.D.C. 2004). Unequivocally,

the Hill Decl. was not incorporated into the Defendant's March 1,

2006 motion for summary judgment. The Hill Decl. is **new**, and it

presents new alleged facts to the court for the first time. Plain-

tiff asserts that within his sur-reply, he advances a sound rebuttal

to the Hill Decl., in conjunction with the <u>withheld</u> portions of

the contract, which he supports with facts and evidence. See Exhi-

bit **A**. <u>McNamara v. National Credit Union Ass'n</u>, 264 F.Supp.2d

1, 4 (D.D.C. 2002) (courts are to grant pro se litigants more lati-

tude in procedural matters); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-

21 (1972).


<u>CONCLUSION</u>


WHEREFORE, Plaintiff prays that this Court will, in the interest

of justice and fairness, grant his motion seeking leave to file

a sur-reply to the Defendant's Reply to Plaintiff's opposition to

the Defendant's Motion for Summary Judgment.


My Commission Expire

March 26, 2011

5-12-2006

Respectfully submitted,

Charles E. Forrester, Jr.

Fed. Reg. No. 09565-007

Rivers Correctional Institution

P.O.Box 630 / Unit C

Winton   NC   27986-0630


- 5 -

## CERTIFICATE OF SERVICE

This is to certify that I have this _16_ day of May 2006 served a copy of the foregoing upon the below-listed party by placing the same in the Rivers Correctional Institution prison mailbox, addressed as follows:

> Benton G. Peterson
> Assistant United States Attorney
> 555 4th Street  NW — Civil Division
> Washington  DC  20530

_____
Charles E. Forrester, Jr.
Pro Se

Sworn to before me this
_12_th day of May 2006.

_____
NOTARY PUBLIC

My Commission Expires
March 26, 2011
5-12-2006