IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


CHARLES E. FORRESTER, JR.,
    Plaintiff,


v.                          Civil Action No. 05-1847(HHK)


BUREAU OF PRISONS,
    Defendant.


PLAINTIFF'S SUR-REPLY TO THE
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION


    **Comes Now,** the plaintiff, Charles E. Forrester, Jr., moving **pro se,** and hereby respectfully requests the Court to compel the defendants to release the withheld information omitted from the April 21, 2006 packet of information that plaintiff received on April 28, 2006. This Court has the unfettered authority to grant plaintiff the relief that he is diligently seeking. See Title 5 U.S.C. § 552(a)(4)(B). In support of this sur-reply, plaintiff swears to the following:

- 1 -                         **EXHIBIT A**

## THE DEFENDANTS ARE WITHHOLDING
## A SUBSTANTIAL PORTION OF THE ORIGINAL
## CONTRACT OF MARCH 7, 2000

On April 28, 2006, plaintiff received a packet of information from the BOP's FOIA section. Within the packet, plaintiff discovered an April 21, 2006 cover letter which states that, "the contract that was finally agreed upon only contains the **82** pages that are being processed here". See Exhibit one, April 21, 2006 BOP cover letter. After careful review of the contract provided to plaintiff, it is asserted that the **82** total page count now alleged by the BOP regarding the March 7, 2000 original contract is egregiously misleading. Thus, plaintiff swears that the defendants are illegally **withholding** a substantial portion of the original March 7, 2000 contract.

Within the April 21, 2006 packet, the BOP has now relinquished an incomplete copy of the March 7, 2000 original contract, allegedly consisting of only **82** pages. Each of the three (3) duplicate contract award pages provided to plaintiff depict a total page count of **181**. The table of contents clearly establishes that the Statement of Work ("SOW") consists of forty (40) pages. See Exhibit One, original March 7, 2006 contract. Withheld from the SOW are pages **27**, **28**, **29**, **30**, **37**, and **38**. The pages withheld are described as having the following vital information:

     K.   **Safety and Emergency Procedures;**

- 2 -

  **L.** **Discipline**;

  **M.** **Inmate Rights**;

  **S.** **Academic and Vocational Education**[1];

  **T.** **Recreation and Activities**; and

  **U.** **Telephone**.

<u>See</u> Exhibits one and Three.  The defendant's reply and its attached
Hill declaration ("Hill Decl.") are absolutely silent with respect
to the <u>withheld</u> portions of the contract that are listed above.
The defendants have failed to establish that the <u>withheld</u> informa-
tion described above has been produced or is wholly exempt from
the Act's requirements.  "In a suit brought to compel production,
an agency is entitled to summary judgment if no material facts are
in dispute and if it demonstrates 'that each document that falls
within the class requested either has been produced...or is wholly
exempt from the Act's requirements'."  <u>Students Against Genocide
v. Department of State</u>, 257 F.3d 828, 833 (D.C.Cir. 2001) (quoting
<u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C.Cir 1978)); <u>Billington v.
Dep't of Justice</u>, 233 F.3d 581, 583-84 (D.C.Cir. 2000); <u>U.S. Dept.
of Justice v. Tax Analysts</u>, 492 U.S. 136, 150-152 (1989).

---

[1] It is interesting to note that plaintiff is currently exhausting his available
administrative remedies regarding the failure of Rivers Corrections Institu-
tion to provide a variety of marketable vocational oppourtunities to plaintiff,
and similarly situated D.C. Code offenders.  <u>See</u> Exhibit Two, plaintiff's Step
1 complaint and the response from the Assistant Warden of Programs.  Thus, the
withheld Academic and Vocation Education portions of the contract is vital
to the plaintiff's quest for education.

Moreover, the Hill decl. states in pertinent part that, "[t]he Plaintiff received 73 pages in their entirety and the remaining 9 pages were redacted in part pursuant to Title 5 U.S.C. § 552(b)(4). Exemption (b)(4) protects commercial of financial information obtained from a person that is privileged or confident." See the defendant's Hill decl. at paragraph 6.  The Hill decl. does not describe how or if § 552(b)(4) is attached to the withheld portions of the contract that are listed above,  the Hill decl. does not assert any of the FOIA exemptions to sections K, L, M, S, T, or U of the Statement of Work.  The defendants have not presented an additional Vaughn index outlining the reason(s) for the exemption(s) or the non-disclosure of the withheld portions of the March 7, 2000 contract.  See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C.Cir. 1973); King v. U.S. Dep't of Justice, 830 F.2d 210, 219 (D.C.Cir. 1987); Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C.Cir. 1983).  Plaintiff swears that there is a genuine issue of material fact that could establish an element of plaintiff's complaint, and therefore, affect the outcome of the action.  CEI Washington Bureau v. U.S. Dept. of Justice, 404 F.Supp.2d 172, 175 (D.D.C. 2005); National Inst. of Milit. v. U.S. Dept. of Defense, 404 F.Supp.2d 1, 2-3 (D.D.C 2002) (in ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's evidence as true).

## THE DEFENDANTS ARE WITHHOLDING
## THE VAST MAJORITY OF PART THREE TO THE CONTRACT

The Contract Award page displays a Table of Contents which depicts four (4) parts to the March 7, 2000 contract, which are:

    **A.**  Part I - The Schedule;

    **B.**  Part II - Contract Clauses;

    **C.**  Part III - List of Documents, Exhibits, and other

              Attach[ments]; and

    **D.**  Part IV - Representations and Instructions.

See Exhibit one, Contract Award Page (Table of Contents). Part III, Section **J** (List of Attachments) depicts a total of **96** pages of the contract. See id. The **96** pages contribute to the March 7, 2000 original contract's total page count of **181**. The preceding is in stark contrast with the Hill decl.'s claim that the contract "contains 82 pages, not the 181 pages...". See the Hill decl. at paragraph **3**. See Alyeska Pipeline Serv. Co. v. United States Envtl. Prot. Agency, 856 F.2d 309, 314 (D.C.Cir. 1988) ("[i]f material facts are genuinely in issue...summary judgment is not available").

The defendants have provided plaintiff with a **portion** of Part III (List of Documents, Exhibits, and other attach[ments]), Section **J**, such as:

    **A.**  **9** pages of the Wage Determination Rate Number; and

    **B.**  **3** pages of the Evaluation Techniques for Quality

              Assurance of Contractor Performance.

See Exhibit One, Section <u>J</u>.  Not including page <u>1</u> of Section J,
the defendants are withholding <u>83</u> pages of Part III, Section <u>J</u>
of the March 7, 2000 contract.  <u>See id</u>.  Currently, the Hill decl.
has offered this court absolutely no justification for the non-
disclosure of the <u>83</u> pages of Section <u>J</u>.  the "refusal to release
documents that in [an] agency's 'custody' or 'control' for any reason
other than those set forth in the Act's enumerated exceptions would
constitute '<u>**withholding**</u>'."  And in this regard, "neither an agency
nor a court may impose its own additional criteria as to when dis-
closure is proper; the settled policy of teh FOIA is one of 'full
agency disclosure unless information is exempted under clearly deli-
neated statutory language'."  <u>Tax Analysts v. United States Depart-</u>
<u>ment of Justice</u>, 845 F.2d 1060, 1064 (D.C.Cir. 1988) (quoting <u>Mc-</u>
<u>Gehee v. CIA</u>, 697 F.2d 1095, 1110 (D.C.Cir. 1983); and S. Rep. No.
813, 89th Cong., 1st Sess. 3 (1965)).


## THE HILL DECLARATION


Plaintiff asserts that it is logical that the SOW's page se-
quence is <u>1</u> through <u>39</u> (the table of contents is unnumbered, and
constitutes the first of the forty pages).  The omission of pages
<u>27</u>, <u>28</u>, <u>29</u>, <u>30</u>, <u>37</u>, and <u>38</u> evinces plaintiff's assertion that the
defendants are withholding a substantial portion of the March 7,
2000 contract, without justifying non-disclosure of the preceding
pages.  The FOIA provides that "[a]ny reasonably segregable portion

- 6 -

of a record shall be provided to any person requesting such record
after deletion of the portions which are exempt under this subsec-
tion." 5 U.S.C. § 552(b).  Horowitz v. Peace Corps, 428 F.3d 271,
277 (D.C.Cir. 2005); Trans-Pacific Policing Agreement v. U.S. Customs
Service, 177 F.3d 1022 (D.C.Cir. 1999).  Plaintiff avers that the
defendant's withholding of the information identified on the pre-
ceding pages is in bad faith, and it tends to cast considerable
doubt upon the adequacy of the BOP's search for the contract.  "as
to materiality, the substantive law will identify which facts are
material.  Only disputes over facts that might affect the outcome
of the suit under the governing law will properly preclude the entry
of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986).

The Hill decl., offered to this Court for the first time, is
devoid of any reason for the withholding of the foregoing pages
of information in their entirety, along with the vast majority of
part III, Section J.  The defendants have failed to advance to the
Court a new Vaughn Index, which sets forth a description of each
withheld document, the exemption claimed for withholding the docu-
ment, and reasons for supporting the application of the exemption
to the withheld document.  See Vaughn v. Rosen, 484 F.2d 820, 827
(D.C.Cir. 1973).  The burden is on the BOP to establish that the
identified withheld information/documents of the original March
7, 2000 contract fall within an FOIA exemption.  Petroleum Info.

- 7 -

Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1433 (D.C.Cir. 1992)
(quoting 5 U.S.C. § 552(a)(4)(B)); Sierra Club v. U.S. Dept. of
Interior, 384 F.Supp.2d 1, 14 (D.D.C. 2004) (the government bears
the burden of justifying non-disclosure); McCutchen v. United States
Dep't of Health & Human Services, 30 F.3d 183, 185 (D.C.Cir. 1994);
Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973) (requiring detailed
justification itemizing and indexing individual documents in order
to support exemption claims).

    To reiterate, the defendants' withholding of the identified
pages of information/documents is done in bad faith, and it tends
to cast considerable doubt upon the adequacy of the BOP's search
for the March 7, 2000 contract. See Exhibit One. The Hill decl.
fails to present to this Court any sound evidence contradicting
plaintiff's assertion that the defendants are withholding the iden-
tified pages of information/documents. Thus, plaintiff is requesting
the information/documents without further delay.

    "...[t]he D.C. Circuit has held that '[t]he FOIA imposes no
limits on courts' equitable powers in enforcing its terms' and 'un-
reasonable delays in disclosing non-exempt documents violate the
intent and purpose of the FOIA, and the courts have a duty to prevent
[such] abuse'." Electronic Priv. Info. v. Department of Justice,
416 F.Supp.2d 30, 35 (D.D.C. 2006) (quoting Payne Enters. v. United
States, 837 F.2d 486, 494 (D.C.Cir. 1988) (quotation omitted)).

Thus, plaintiff avers that the Court should deny the defendant's motion for summary judgment, and their reply to plaintiff's opposition, based on the fact that plaintiff has established an element of plaintiff's complaint, and therefore, affect the outcome of the action. See supra, Anderson, 477 U.S. at 248; McNamara v. National Credit Union Ass'n., 264 F.Supp.2d 1, 2-3 (D.D.C. 2002) (in ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's evidence as true).

### CONCLUSION

**WHEREFORE**, plaintiff prays that this Court will, in the interest of justice and fairness, deny the defendants' motion for summary judgment.

Respectfully submitted,

Charles E. Forrester, Jr.
Fed. Reg. No. 09565-007
Rivers Correctional Institution
P.O.Box 630 / Unit C
Winton  NC  27986-0630

My Commission Expires
March 26, 2011
5-12-2006

- 9 -

## CERTIFICATE OF SERVICE

This is to certify that I have this _16_ day of May 2006
served a copy of the foregoing upon the below listed party by placing
the same in the Rivers Correctional Institution prison mailbox, ad-
dressed as follows:

>Benton G. Peterson
>Assistant United States Attorney
>555 4th Street  NW — Civil Division
>Washington  DC  20530

_____
Charles E. Forrester, Jr.
Pro se

Sworn to before me this
_12_-th day of May 2006.

_____
NOTARY PUBLIC

_My Commission Expires_
_March 26, 2011_
_5-12-2006_

— 10 —