UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES E. FORRESTER, JR,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

Civil Action 05-1847  (HHK)

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Bureau of Prisons' ("BOP") response to his request for a copy of a contract. Presently, before the Court is defendant's motion for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

I.  BACKGROUND

By letter dated August 1, 2005, plaintiff requested (1) "[a] copy of the contract (J1PCc-005) between . . . BOP and the Wackenhut Corrections Corporation . . . with respect to the construction and operation of the Rivers Correctional Institution [and] all of the subsequent amendments to the 2000 contract," (2) copies of "BP-A390.058 (Extra Good Time Recommendation) documents" regarding plaintiff's receipt of seven "lump sum awards," and (3) a copy of "BP-331(58) (Authorization to Receive Package or Property) that was executed on or subsequent to May 10, 2005" by plaintiff and two BOP officials. Compl. Attachment 1. Plaintiff

initiated this action on September 19, 2005.  Meanwhile, by letter dated January 12, 2006, defendant released 58 pages of the contract, 15 pages of records pertaining to plaintiff's good-time credit and a one-page property form.  Defendant withheld "[t]he remaining 45 pages of the contract . . . in their entirety."  Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 6.  In a supplemental release on February 3, 2006, defendant released an additional 21 pages of the contract.  It withheld "[t]he remaining 24 pages of the contract" under FOIA exemptions 2 and 4.  *Id*. ¶ 7.  In yet another release on April 21, 2006, defendant released the 82-page "original contract" without amendments because plaintiff had indicated in a filing "that he has no interest in any of the amendments."  Def.'s Reply, Declaration of Ron Hill ¶ 6.  Defendant redacted information from nine pages of the contract pursuant to exemption 4.  *Id*.

## II.  DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Plaintiff asserts that defendant has improperly withheld "160 pages of the 181-page original contract of March 7, 2000."  Pl.'s Opposition to the Defendant's Motion for Summary Judgment at 5.  Defendant has demonstrated, however, that the document to which plaintiff

refers was a contract solicitation (No. RFP PCC-0004), not the requested contract (No. J1PCc-005). Hill Decl. ¶¶ 1, 3-6.; *see* Pl's Sur-reply [Dkt. No. 23], Ex. 1 (explaining page number discrepancy between the solicitation and the final contract). "When an agency has demonstrated that it has not withheld requested records in violation of the standards established by Congress, the federal courts have no authority to order the production of such records under the FOIA." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 139 (1980). Defendant satisfied its obligation under the FOIA by conducting a search reasonably calculated to locate responsive records, *see* Hill Decl. ¶¶ 3, 5-6, and releasing to plaintiff a copy of the awarded contract.[1]

### III.  CONCLUSION

In the absence of a genuine issue of material fact with respect to the release of the requested contract, and in view of plaintiff's concession with respect to the release of all other responsive records, the Court concludes that defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

_____s/_____
Henry H. Kennedy, Jr.
United States District Judge

Date: October 26, 2006

---

[1] Plaintiff has not opposed, and therefore has conceded, defendant's redaction of financial information from nine of the released pages under FOIA exemption 4. *See* Hill Decl. ¶ 6; Pl's Surreply, Ex. 1. Moreover, plaintiff has acknowledged that the claims predicated on the request for records concerning good-time credit and the receipt of property are moot. Pl.'s Notification to the Defendants in Conjunction With the Defendants' Proposed Briefing Schedule [Dkt. No. 12] ¶ 3.